**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: November 26 2014**

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | **Case No. 14-34007** |
| | ) | |
| Jeremy Lynn Kerr, | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | **JUDGE JOHN P. GUSTAFSON** |

### ORDER OF DISMISSAL

Debtor filed his voluntary Chapter 7 bankruptcy petition on November 3, 2014. As a condition of eligibility to be a debtor under Title 11, an individual debtor must receive credit counseling from an approved agency during the 180-day period preceding the date of filing of the bankruptcy petition. 11 U.S.C. § 109(h)(1). Exhibit D accompanying his Chapter 7 petition has Box 5 checked, indicating that the United States Trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district. However, the Northern District of Ohio is a district in which the credit counseling requirement does apply. Accordingly the court entered an order to show cause why the petition should not be dismissed due to Debtors' ineligibility under § 109(h)(1).

On November 24, 2014, the court held a hearing on the order to show cause [Doc. # 7] as to why this case should not be dismissed due to Debtor's ineligibility to be a debtor under Title 11 of the United States Code. At the hearing, the Debtor did not appear. Debtor is currently incarcerated, and has granted his mother durable power of attorney. [Doc. # 4]. Debtor's mother appeared on Debtor's behalf.

At the hearing, Debtor's mother reiterated to the court that Debtor was incarcerated. When questioned by the court regarding Box 5 being checked in the petition, Debtor's mother stated that she

checked the box because Debtor was unable to obtain the credit counseling while in prison.

11 U.S.C. § 109(h)(4), in granting this court the power to waive the requirements of § 109(h)(1), states that § 109(h)(1) "shall not apply with respect to a debtor whom the court determines. . .is unable to complete [credit counseling] requirements because of incapacity, disability, or active military duty. . ." In analyzing § 109(h)(4), several courts have ruled that incarceration does not amount to incapacity or disability for purposes of the statute. "Although the court is sympathetic to debtor's situation, his incarceration is not within the meaning of 'disability' intended by Congress when they drafted § 109(h)(4), and therefore debtor does not meet the exception for permanent waiver. . ." *In re Star*, 341 B.R. 830, 831 (Bankr. E.D. Va. 2006). *See also, In re Hubel*, 395 B.R. 823, 826 (N.D. N.Y. 2008); *In re Rendler*, 368 B.R. 1, 4 (Bankr. D. Minn. 2007); *In re Bindus*, No. 08-62456, 2008 WL 2902567, * 2 (Bankr. N.D. Ohio July 8, 2008), *In re Anderson*, 397 B.R. 363, 367 (B.A.P. 6th Cir. 2008).

In a situation where a Debtor does not comply with the requirements of § 109(h) or qualify for a waiver of the credit counseling requirement, a court does not abuse its discretion by dismissing the case without prejudice. *In re Ingram*, 460 B.R. 904, 910 (B.A.P. 6th Cir. 2011). Here, because of his incarceration, the Debtor has not fulfilled the credit counseling requirement set forth in § 109(h)(1), and § 109(h)(4) does not permit the court to waive such a requirement. Pursuant to the aforementioned case law and statutes cited herein, the court is unable to waive the requirement and must dismiss the case.

Therefore, no cause having been shown, the court finds that Debtor is ineligible under § 109(h)(1) to be a debtor in this case.

**IT IS THEREFORE ORDERED** that this case is hereby **DISMISSED**, without prejudice.

###